| | |
|---|---|
| 1 | LYNNE C. HERMLE (STATE BAR NO. 99779) |
| 2 | JOSEPH C. LIBURT (STATE BAR NO. 155507)<br>JESSICA R. PERRY (STATE BAR NO. 209321) |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road |
| 4 | Menlo Park, CA  94025<br>Telephone:    650-614-7400 |
| 5 | Facsimile:    650-614-7401 |
| 6 | Attorneys for Defendant<br>APPLE COMPUTER, INC. |
| 7 | WAUKEEN Q. MCCOY, ESQ. |
| 8 | LAW OFFICES OF WAUKEEN Q. MCCOY<br>703 Market Street, Suite 1407 |
| 9 | San Francisco, CA  94103<br>Telephone:    415-675-7705 |
| 10 | Facsimile:    415-675-2530 |
| 11 | Attorneys for Plaintiff<br>FRANK AGUTOS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANK AGUTOS, an individual, | Case No.  C 04 2424 JW |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |
| v. | |
| APPLE COMPUTER INC., a corporation and DOES 1-50, | |
| Defendant. | |

DOCSSV1:295318.1

STIPULATION AND PROTECTIVE ORDER RE USE OF
CONFIDENTIAL DOCUMENTS AND INFORMATION
(C 04 2424 JW)

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties that the terms and conditions of this stipulated protective order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged between the parties in this action. The parties hereby submit the following stipulation and move the Court to approve the Stipulation as a Protective Order.

## STIPULATION

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objections or legal claims any party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purpose of providing procedures for the handling and protection of "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" as defined herein, the parties to this action hereby agree on the following procedures for handling such Confidential Information. Certain documents, things and information disclosed may constitute or contain trade secrets, or other secret, proprietary, private, or confidential information. This information may include, but is not limited to, personnel data of persons not a named party to this action, Apple's strategic planning and compensation information, Apple's confidential and proprietary business policies and procedures, product information, and earnings data.

The parties hereby agree that access to and use of such documents, things and information shall be governed and limited by the provisions of this Protective Order as set forth herein, subject to the approval of the Court.

### A. DEFINITION OF CONFIDENTIAL INFORMATION

1. "Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which (i) is designated when it is produced as "Confidential" by the supplying party, or (ii) which is designated by a receiving party as "Confidential" by stating in writing the specific

1  pages of the information to be so designated, within twenty business days after receipt of the
2  information for which the designation is proposed. In designating information as Confidential
3  Information, the party so designating will make such designation only as to that information
4  which it believes contains secret, confidential, private, and/or proprietary information and must be
5  protected against disclosure to non-parties. Each party shall exercise good faith in designating
6  information as Confidential Information.

7         2.     "Confidential Information – Attorneys' Eyes Only" as used herein, means
8  any type or classification of information, whether it be a document, information contained in a
9  document, information revealed during a deposition, information revealed in an interrogatory
10 answer, or otherwise, which (i) is designated when it is produced as "Confidential – Attorneys'
11 Eyes Only" by the supplying party, or (ii) which is designated by a receiving party as
12 "Confidential – Attorneys' Eyes Only" by stating in writing the specific pages of the information
13 to be so designated, within twenty business days after receipt of the information for which the
14 designation is proposed. In designating information as Confidential Information – Attorneys'
15 Eyes Only, the party so designating will make such designation only as to that information which
16 it believes contains secret, confidential, private, and/or proprietary information of the most
17 sensitive nature and must be protected against disclosure to anyone other those person designated
18 in Section C(2), below. Each party shall exercise good faith in designating information as
19 Confidential Information – Attorneys' Eyes Only.

**B.    PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION**

22        1.     Confidential Information shall include all documents provided by a party
23 which have been designated as confidential by marking the page: "CONFIDENTIAL
24 INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY." In
25 lieu of marking the original of documents, the party may mark the copies that are produced or
26 exchanged.

27        2.     The identification of information as Confidential Information or
28 Confidential Information – Attorneys' Eyes Only by a supplying party shall be made at a time

when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made.

3. The identification of information as Confidential Information or Confidential Information – Attorneys' Eyes Only by a receiving party shall be made in writing within twenty business days of such receipt by stating in writing which specific pages are to be marked Confidential Information or Confidential Information – Attorneys' Eyes Only. No Confidential Information or Confidential Information – Attorneys' Eyes Only may be read by anyone other than attorneys for the named parties, experts and consultants, and, if applicable, the deponent who produced those documents at deposition, during said twenty business day period. Every party shall in such cases mark every page so identified in his or her possession, custody or control with an appropriate marking identifying the information as Confidential Information or Confidential Information – Attorneys' Eyes Only.

4. Information disclosed at a deposition may be designated as confidential by either (a) indicating on the record at the deposition that the testimony is Confidential Information or Confidential Information – Attorneys' Eyes Only and subject to the provisions of this Order or (b) by notifying the opposing party in writing within twenty business days of the receipt of the transcript of those pages and lines or exhibits that contain Confidential Information or Confidential Information – Attorneys' Eyes Only. No Confidential Information or Confidential Information – Attorneys' Eyes Only may be read by anyone other than attorneys for the named parties, experts and consultants, and the deponent during said twenty business day period. Upon being informed that certain portions of a deposition disclose Confidential Information or Confidential Information – Attorneys' Eyes Only, each party must cause each copy in their possession, custody or control to be so marked immediately.

5. If any party believes that a document or other information, which has been designated as Confidential Information or Confidential Information – Attorneys' Eyes Only, should not properly be treated so designated within this protective order, that party will notify the disclosing party of its disagreement with the confidential designation. Counsel for the parties will

then endeavor to reach an agreement regarding the status of that document or information within ten days. If no agreement can be reached after ten days, the party seeking to challenge the designation of the document shall file a motion for relief within fourteen days thereafter. Until the Court resolves the motion, the document will be treated as designated subject to the terms of this protective order.

C. **QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION**

1. Information or material designated as "Confidential Information," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

(a) outside counsel of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) parties and employees of the parties whose assistance to counsel is necessary for the purposes of this litigation, subject to and in compliance with Section C3 herein;

(c) Consultants and experts retained or employed to assist the attorneys of named parties in the preparation of this litigation for trial, such as statisticians, economists, accountants, or other technical or legal experts or consultants, subject to an in compliance with Section C3 herein.

(d) the Court;

(e) court reporters and videographers employed in connection with this action;

(f) graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

(g) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein; and

(h) any other person only upon order of the Court or upon prior written consent

of the party who designated the information or material confidential, subject to and conditioned upon compliance with Section C3 herein.

        2.    Information or material designated as "Confidential Information – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

        (a)    outside counsel of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation, and Apple's in-house counsel who are directly involved in the legal decisions and strategies of this litigation;

        (b)    Consultants and experts retained or employed to assist the attorneys of named parties in the preparation of this litigation for trial, such as statisticians, economists, accountants, or other technical or legal experts or consultants, subject to an in compliance with Section C3 herein.

        (c)    the Court;

        (d)    court reporters and videographers employed in connection with this action;

        (e)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

        (f)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein;

        (g)    any other person only upon order of the Court or upon written consent of the party who designated the information or material confidential, subject to and conditioned upon compliance with Section C3 herein.

        3.    All persons listed in Sections C1(b), (c), (f), (g) and (h) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

Similarly, all persons listed in Sections C2(b), (e), (f) and (g) above may be given access to information or material designated as "Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

4. Any person may be examined as a witness during a deposition concerning any information or material designated as "Confidential" or "Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential" or "Confidential - Attorneys Eyes Only" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information, provided that the examining party obtains the witness' compliance with Section C4.

**D. RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

1. Any information designated as Confidential Information or Confidential Information – Attorneys' Eyes Only shall not be made available or disclosed to any person other than the Qualified Persons identified in Section C. Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information or Confidential Information – Attorneys' Eyes Only shall not suffer or permit its disclosure or that of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information.

2. Disclosure of all items designated as Confidential Information or Confidential Information – Attorneys' Eyes Only in this action shall be solely for the purposes of this action, (i.e., *Agutos v. Apple Computer, Inc., et al.*, United States District Court, Northern District of California, No. C 04 2424 JW) unless and until such designation is removed either by stipulation by attorneys for the named parties or by order of the Court.

3. With respect to information designated as Confidential Information or Confidential Information – Attorneys' Eyes Only, no copies of documents, testimony, or other information shall be received, kept, or maintained by individuals other than the Qualified Persons as defined above.

4. Any party wishing to file under seal any document or other item designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" shall lodge the documents along with a Request for Sealing pursuant to Civil Local Rule 79-5. The documents shall be submitted in an appropriate envelope labeled with the case name and number and the title of the documents. All envelopes containing any Confidential Information which are submitted to the Court shall carry the following notation on the cover:

**CONFIDENTIAL - THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER.**

Unless otherwise ordered by the Court, within ten days after any request for sealing is filed, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under rule 26(c). *See* Civil Local Rule 79-5 and commentary thereto.

5. In the event an attorney to this litigation seeks to show any documents or other information denominated as Confidential Information or Confidential Information – Attorneys' Eyes Only to anyone other than a Qualified Person, that attorney shall first advise opposing counsel at least five days in advance, and seek to reach an informal resolution of such matters. In the event that agreement cannot be reached, the party seeking to show the Confidential Information or Confidential Attorneys' Eyes Only shall apply to the Court for relief from this Protective Order.

E. **NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall continue to apply during the time period in which the trial of this action occurs, but shall not apply to the trial itself, as all decisions concerning the conduct of the trial shall be made by the trial judge. Any party may, at or before the time of trial,

seek an order of the Court to restrict access to particular documents or testimony in the trial.

F.  **NO ADMISSION OR WAIVERS**

The execution of this Order shall not:

1.  constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential documents or information; or

2.  be construed as an admission or agreement that any document or information designated as Confidential is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

G.  **RETURN OF DOCUMENTS**

1.  Unless otherwise agreed in writing, within sixty days of final termination of this litigation, the parties to this litigation shall deliver to the party designating materials as Confidential Information or Confidential Information – Attorneys' Eyes Only pursuant to this Protective Order any documents containing such Confidential Information (including any copies thereof).

/ / /

/ / /

/ / /

2.  In addition, within sixty days of final termination of this litigation, either party may file a motion requesting that any attorney work product documents which incorporate or reference particular Confidential Information or Confidential Information – Attorneys' Eyes Only pursuant to this Protective Order be: (1) destroyed; (2) redacted to delete all references to the Confidential Information or Confidential Information – Attorneys' Eyes Only; and/or (3) sealed for a specified period of time and subsequently destroyed. The other party shall have the right to oppose that motion, any other provision of this Stipulation and Protective Order notwithstanding. The Court shall retain jurisdiction after termination of this action to hear any such motion and to enforce any order or ruling issued in connection with such a motion.

Dated: July 13, 2005

LYNNE C. HERMLE
JOSEPH C. LIBURT
JESSICA R. PERRY
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Joseph C. Liburt
Attorneys for Defendant
Apple Computer, Inc.

Dated: July 12/05, 2005

WAUKEEN Q. MCCOY, ESQ.
LAW OFFICES OF WAUKEEN Q. MCCOY

/s/ Waukeen Q. McCoy
Attorneys for Plaintiff
Frank Agutos

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: July 15, 2005        /s/ Patricia V. Trumbull

Hon. Patricia V. Trumbull
UNITED STATES MAGISTRATE JUDGE

DOCSSV1:277172.1

- 9 -

STIPULATION AND PROTECTIVE ORDER RE USE OF
CONFIDENTIAL DOCUMENTS AND INFORMATION
(C 04 2424 JW)

**EXHIBIT A**

LYNNE C. HERMLE (STATE BAR NO. 99779)
JOSEPH C. LIBURT (STATE BAR NO. 155507)
JESSICA R. PERRY (STATE BAR NO. 209321)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Defendant
APPLE COMPUTER, INC.

WAUKEEN Q. MCCOY, ESQ.
LAW OFFICES OF WAUKEEN Q. MCCOY
703 Market Street, Suite 1407
San Francisco, CA 94103
Telephone: 415-675-7705
Facsimile: 415-675-2530

Attorneys for Plaintiff
FRANK AGUTOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AGUTOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APPLE COMPUTER INC., a corporation and DOES 1-50,<br><br>Defendant. | Case No. C 04 2424 JW<br><br>**STIPULATION AND PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |

|   |   |
|---|---|
| 1 | I hereby certify that I have carefully read the Stipulation and Protective Order Re Use of Confidential Documents and Information in the above-captioned case, and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to be subject to the personal jurisdiction of the Santa County Superior Court and the United States District Court for the Northern District of California in respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of court. |

Dated this _____ day of _____, 200____. Executed at

_____ (city and state).

_____
Print Name

_____
Signature

Name:

Affiliation:

Business Address:

Home Address: